SO ORDERED: October 12, 2012.



_____
Anthony J. Metz III
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID LEWIS STOVER | ) | CASE NO. 11-13506-AJM-7 |
| JANET YVONNE EASTERLY | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| JEAN LUKES, VICTORIA ANDERSON | ) | |
| | ) | |
| Plaintiffs | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | No. 12-50023 |
| DAVID L. STOVER and JANET Y. | ) | |
| EASTERLY | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Jean Lukes and Victoria Anderson (hereinafter, "the Plaintiffs") filed their

Complaint seeking a determination the dischargeability of the debt owed to them by

David Stover and Janet Easterly (hereinafter "the Defendants"), under Sections 523(a)(2), (4) and (6) of the Bankruptcy Code. The Defendants have moved for summary judgment [1] on all counts of the Plaintiffs' complaint. Hearing on the Defendants' motion for summary judgment and the Plaintiffs' response in opposition thereto was held on August 17, 2012 wherein the Plaintiffs appeared in person and pro se; the Defendants appeared by counsel Ian Ray Flora. For the reasons stated below, the Court now grants summary judgment with respect to the allegations seeking nondischargeability under §523(a)(4) but denies summary judgment in all other respects. [2]

*Background*

The following facts are not in dispute:

1. As of April, 2008, the Defendants were in the sign making business under the name of "Finyl Vinyl, LLC", of which debtor David Stover ("David") was president. The Plaintiffs apparently were in the real estate business and needed signage for their real estate business. The Plaintiffs, on April 4, 2008, entered into a contract with Finyl Vinyl for the installation and cementing of two steel posts and one "bottom reader board w/ changeable copy letters" for the price of $4,000.

---

[1] The Court directs the parties to the local rules for this bankruptcy court, specifically, S. D. Ind. B-7056-1, which provides that the district court local rule (S. D. Ind. L.R. 56.1) applies to adversary proceedings. S. D. Ind. L. R. 56.1, in turn, contains very specific requirements for summary judgment motions and non-movant responses to summary judgment motions. For example, the brief of the movant must contain a section called "Statement of Materials Facts Not in Dispute" and the non movants brief must contain a section called "Statement of Material Facts in Dispute". Another requirement is that a special notice must be filed and served in cases where summary judgment is sought against a pro se party. Neither party has succinctly summarized the material facts in their respective briefs and neither has complied with S. D Ind. L.R. 56.1, a fact that has made this court's review of these materials more challenging. The Court merely reminds the parties to review local rules before proceeding with further matters in this adversary proceeding.

[2] This order shall constitute findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

    The Plaintiffs gave the Defendants a $3,000 down payment for the job to be used to purchase materials for this job.

2. David ordered steel posts which were later installed and cemented in the ground. David also began constructing the sign itself, using a used frame and new interior parts

3. After construction of the sign commenced, but before it was completed, a fire occurred at the Finyl Vinyl premises and destroyed partially completed signs, tools and equipment used in making signs, including the sign in progress for the Plaintiffs.

4. The Plaintiffs sued the Defendants in the Delaware Circuit Court on December 29, 2008.

5. The Defendants filed their chapter 7 case on October 27, 2011.  The Plaintiffs commenced this adversary proceeding by filing their nondischargeability complaint on January 30, 2012.

### *Conclusions of Law*

### *Summary Judgment Standard*

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed.2d 265 (1986).  The moving party bears the burden of showing that no genuine issue of material fact is

disputed, but once the moving party has met this burden, the nonmoving party must set forth specific facts demonstrating a disputed material fact for trial and cannot merely rely on denials in its pleadings. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", summary judgment will be entered against it. *Celotex,* 477 U.S. at 322.

2. Exceptions to discharge under §523 are "to be construed strictly against the creditor and liberally in favor of a debtor." *In re Scarlata*, 979 F.2d 521,524 (7th Cir. 1992. A creditor that brings a §523 action seeking a determination of nondischargeability bears the burden of proving all the elements of the statute by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 289-90; 111 S.Ct. 654, 661; 112 L.Ed.2d 755 (1991).

3. The Court has attempted to glean, to the best of its ability, the Plaintiffs' allegations related to nondischargeability. These include allegations that the Defendants and/or David: (1) made certain false representations with respect to the work to be performed but failed to perform the work or to perform it satisfactorily and knew such representations were false when he made them; (2) held himself out as an experienced sign maker, yet improperly installed the beams such that they were insufficient to hold the weight of the sign; (3) used the $3,000 downpayment to purchase materials for other jobs unrelated to the Plaintiffs' job; (4) failed to obtain the requisite permits and site maps to do the job properly and according to code; and (5) made certain false representations as to how the fire caused the failure to complete the signs and why the job was not

progressing as it should have.  The Plaintiffs argue that they justifiably relied on the Defendants and/or David's false representations to their detriment and that they lost business due to the fact that the sign was not completed.

### §523(a)(2)(A)

4. Under §523(a)(2)(individual debtor shall not be allowed a discharge for any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud..." .

5. Section 523(a)(2)(A) list three separate grounds for dischargeability: actual fraud, false pretenses and false representation.  Although many courts have applied the same test to all three grounds, the Seventh Circuit has distinguished between the three grounds and has formulated two different tests, one for the "false pretenses" and "false representation" grounds and another for the "actual fraud" ground.  *In re Scarpello*, 272 B.R. 691, 699-700 (Bankr. N. D. Ill. 2002); citing *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000).

6. To prevail on a nondischargeability claim under the "false pretenses" or "false representation" grounds set forth in §523(a)(2)(A), a creditor must prove *all* of the following elements: (1) the debtor obtained money, property or services through a false representation of fact, (2) which the debtor (a) either knew to be false or made with such reckless disregard for the truth as constitute a willful misrepresentation and (b) made with intent to deceive; and ( 3) the creditor justifiably relied on the false representation to his detriment.  *Ojeda v. Goldberg*,

59 F.3d 712, 716-17 (7th Cir. 2010). *Scarpello*, 272 B.R. at 700.

7. "False pretenses" include "implied misrepresentations or conduct intended to create and foster a false impression". *Mem'l Hospital v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N. D. Ill. 1996). "False pretenses" do not necessarily require overt misrepresentations. "Instead, omissions or a failure to disclose on the part of a debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor". *Id* at 928.

8. A "false representation" is an express misrepresentation that can be shown by the debtor's written statement, spoken statement or conduct. *Scarpello,* at 700. "A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression. *Deady v. Hanson*, (*In re Hanson*, 432 B.R. 758, 772 (Bankr. N. D. Ill. 2010), citing, *Trizna & Lepri v. Malcolm (In re Malcolm),* 145 B.R. 259, 263 (Bankr. N. D. Ill. 1992).

9. "Actual fraud" is broader than misrepresentation in that neither a debtor's misrepresentation nor a creditor's reliance is necessary to prove nondischargeability under the "actual fraud" prong of §523(a)(2). *McClellan*, 217 F.3d at 893; *Scarpello*, 272 B.R. 701. Rather, "actual fraud" is defined as "any deceit, artifice, trick or design involving direct and active operation of the mind used to circumvent and cheat another" which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated".

*McClellan*, 217 F.3d at 893 (citations omitted). In such cases, a creditor must prove (1) a fraud occurred; (2) the debtor intended to defraud the creditor and (3) the fraud created the debt that is the subject of the nondischargeability action. *McClellan*, 217 F.3d at 893; *Scarpello*, 272 B. R. at 701; *Hanson*, 432 B.R. at 772.

10. A creditor must also prove the debtor acted with the intent to deceive under all prongs of §523(a)(2)(A). A debtor's intent to deceive is measured by his or her subjective intention at the time the representation was made. *Scarpello*, 272 B.R. at 700. "Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances". *Hanson*, 432 B.R. at 773.

11. Finally, a creditor seeking nondischargeability under §523(a)(2)(A) must show causation between the debtor's acts and the creditor's resulting injury by proving that the creditor "justifiably relied" on the debtor's false pretense, false representation or fraud. *Fields v Mans*, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). "Justifiable" reliance is an intermediate level of reliance which is less stringent than "reasonable" reliance but more stringent than "reliance in fact". *Id.* at 71. "Justifiable" reliance requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation" and imposes no duty on the creditor to investigate unless the falsity of the representation is readily apparent. *Id* at 70-72. "Justifiable "

reliance is not measured from the objective person standard, but rather from the experiences and characteristics of the particular creditor. *Id* at 71.

12. The Court finds that there is a genuine issue of material fact as to whether the Defendants and/or David had the requisite intent needed to prove false pretenses, a false representation, or actual fraud. Indeed, what representations were made, and when they were made, is unclear, as is whether the Defendants and/or David had any intention of performing under the contract at the time the representations were made. Rarely does a defendant admit he or she had the requisite intent to defraud and therefore, intent most often is proven by circumstantial evidence. Circumstantial evidence that proves the Defendants' intent is best reserved for trial, not summary judgment and determining one's intent through circumstantial evidence is a factual inquiry which does not lend itself to summary disposition. "The Court's role is not to resolve factual issues, but to grant summary judgment if there can be but one reasonable conclusion. The summary judgment phase is not an opportunity to weigh the evidence or attempt to ascertain the truth of disputed facts, but rather a time to decide whether there is a genuine issue for trial". *In re Pawlak*, 2012 WL 3777040 at *2 (Bkrtcy, W. D. Wis.). Given the fact sensitive nature of the circumstantial evidence needed to prove intent, the Court finds that summary judgment should not be granted with respect to the Plaintiffs' Section 523(a)(2) claim. See, *In re Beaver*, 454 B.R. 184, 191 (Bankr. D. N. M. 2011) ("[r]arely is it appropriate to grant summary judgment on a claim for nondischargeability based on 11 U.S.C. §523(a)(2)(A) because the determination of whether there was an intent to

defraud often depends on the credibility of the witness").

### §523(a)(4)

13. Under §523(a)(4), an individual debtor shall not be allowed a discharge for any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny".

14. There are three possible avenues of recovery under this statute. "Fraud or defalcation while acting in a fiduciary capacity" calls for the debtor to owe a fiduciary duty to the creditor. Whether the debtor was acting in a fiduciary capacity is a question of federal law. *O'Shea v. Frain (In re Frain)*, 230 F.3d 1014,1017 (7th Cir. 2000). Generally, an express trust and the intent to create a trust relationship is adequate to find that the debtor is a fiduciary. But the Seventh Circuit has determined that a debtor may be a fiduciary even in the absence of an express trust if there is a "difference in knowledge or power between fiduciary or principal which...gives the former a position of ascendancy over the latter" . *In re Marchiando*, 13 F.3d 1111, 1115-16 (7th Cir. 1994); *Frain*, 230 F.3d at 1017. See also, *In re Woldman*, 92 F.3d 546, 547 ( 7th Cir 1996) ("section 523(a)(4) reaches only those fiduciary obligations in which there is substantial inequality in power or knowledge in favor of the debtor seeking the discharge and against the creditor resisting discharge"). However, even if there is "inequality in power or knowledge", the fact remains that the fiduciary's obligation must exist prior to the wrongdoing. *Marchiando*, 13 F.3d at 1116.

15. It is not enough for the debtor to be a fiduciary. The debtor must also commit

"fraud or defalcation" in his fiduciary capacity. "Fraud" for purposes of this section involves intentional deceit and "defalcation" has been defined as "a failure to account for money or property that has been entrusted to another". *Hanson*, 432 B.R. at 774-75. "Defalcation" involves tortious conduct which is more than mere negligence but less than fraud. *Id*.

16. A debt is nondischargeable under §523(a)(4) even if the debtor is not a fiduciary but is indebted to the creditor as a result of the debtor's "embezzlement" or "larceny". However, the Plaintiffs' complaint alleges a claim only under the "fiduciary" prong of §523(a)(4) and therefore there is no need to discuss the embezzlement and larceny prongs of this statute.

17. The Defendants are not fiduciaries of the Plaintiffs. The parties merely entered into a contract and the fact that David, as president of Finyl Vinyl, was a party to that contract does not create a fiduciary obligation on this part to the Plaintiffs. Nothing in the written contract entered into on April 4, 2008 expressly stated anything about the Defendants holding money in trust as fiduciaries to the Plaintiffs. Nothing in the April 4, 2008 contract suggests that the parties intended to create a trust relationship. The Plaintiffs have presented no evidence whatsoever that there was a superior difference in knowledge or power between the Defendants and the Plaintiffs such that the Defendants were in a position of ascendancy over the them. The debt here arose from the failure of the Defendants to complete the signs, i.e. a breach of contract, not from a breach of fiduciary duties owed by the Defendants. Accordingly, the Court finds that there is no genuine issue of material fact with respect to the Plaintiffs' §523(a)(4) and

that the Defendants are entitled to judgment on that claim as a matter of law. Thus, the Court GRANTS summary judgment in favor of the Defendants on the §523(a)(4) claim.

### *§523(a)(6)*

18. Section §523(a)(6) excepts from discharge a debt for willful and malicious injury by the debtor to another entity or to the property of another entity. To obtain a determination of nondischargeability under Section 523(a)(6), a creditor must prove: (a) that the Debtor intended to and caused an injury; (b) that the Debtor's actions were willful; and (c) that the Debtor's actions were malicious. *In re Carlson,* 224 B.R. 659, 662 (Bankr. N.D. Ill. 1998); *Scarpello*, 272 B.R. at 704.

19. With respect to the "willful" requirement under this section, mere proof that the act that caused injury was "willful", with nothing more, is insufficient to prove nondischargeability under Section 523(a)(6). Rather, "willful" for purposes of this section means intent to cause injury, not merely the commission of an intentional act that leads to injury, as the United States Supreme Court has held in *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Under this approach, it is not enough for acts to be intentional; the act must be specifically calculated to cause the underlying injury. The *Geiger* court clearly eliminated the possibility that "willful" encompasses negligence or recklessness. ("We hold that debts arising from recklessly or negligently inflicted injuries do not fall within the

11

compass of Section 523(a)(6)" 118 S.Ct. at 978). [3] So, for an "injury" to be "willful" for §523(a)(6) purposes, "the debtor must have intended the consequences of her act." *Scarpello*, 272 B.R. at 704.

20. Admittedly, courts have had problems in applying *Geiger's* "willful" standard in that "*Geiger* seems to have created almost as much consternation as it set out to resolve. In part, this is because the Court never said what 'willful' is; only what it is not – it is not negligence, recklessness or a breach of contract". *ABF, Inc. v. Russell (In re Russell)*, 262 B.R. 449, 453 (Bankr. N. D. Ind. 2001). The "intent" required for an act to be "willful" can be satisfied by a showing of a debtor's subjective knowledge that injury was substantially certain to result from his acts. *Fidelity Financial Services v. Cox (In re Cox)*, 243 B.R. 713,719 (Bankr. N D. Ill. 2000); *Scarpello*, 272 B.R. at 704.

21. "Malicious" for §523(a)(6) purposes means "in conscious disregard of one's duties or without just cause or excuse..." although a debtor does *not* have to act with ill will or specific intent to do harm. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). Section 523(a)(6) is applied solely to tort causes of action. *In re Calclazier*, 134 B.R. 29, 33 (Bankr. W.D. Okla. 1991).

22. Like §523(a)(2)(A), a showing of the requisite intent is required under §523(a)(6)

---

[3] In *Kawaauhau*, the Supreme Court noted that the more "encompassing interpretation" of "willful" which the petitioner urged but which the Court rejected included "a wide range of situations in which an act is intentional, but injury is unintended, i.e. neither desired nor in fact anticipated by the debtor" such as a "knowing breach of contract" . 118 S.Ct. at 977. See also, *In re Kraye (Kraye v. Lexington Health Care Center of Chicago Ridge, Inc.)*, 1998 WL 775654 (Bankr. N. D. Ill., November 6, 1998) and cases cited therein. See also, *In re Miller (Miller v. J.D. Abrams Incorporated)* 156 F.3d 598 (5th Cir. 1998) where, after a lengthy analysis of the *Kawaauhua* opinion, the Fifth Circuit Court of Appeals held that "an injury is willful and malicious under Section 523(a)(6) "where there is either an objective substantial certainty of harm or a subjective motive to cause harm". 156 F.3d at 606.

12

and whether a defendant possesses such intent under this section is a subjective inquiry, generally not suitable for determination by summary judgment. Indeed, there was no evidence whatsoever presented regarding the Defendants' intent. Therefore, the Court likewise DENIES summary judgment in favor of the Defendants on Plaintiffs' §523(a)(6) claim.

### *Order*

The Defendants' motion for summary judgment as to the Plaintiffs' §523(a)(4) claim is GRANTED; and it is DENIED with respect to the Plaintiffs' §§ 523(a)(2)(A) and (a)(6) claims. The Court will notify the parties as to further pre trial conferences and proceedings on the remaining §§523(a)(2)(A) and (a)(6) claims.

# # #

Distribution:

Jean Lukes, Plaintiff
Victoria (Anderson) Leigh, Plaintiff
E. Phillip Gregg, Jr., Attorney for the Defendants
Ian Ray Flora, Attorney for the Defendants